IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| PATRICIA BASSFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 9:21-cv-02351-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| SCOTT BASSFORD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The following matter is before the court on defendant Scott Bassford's ("defendant") motion to dismiss for failure to state a claim, ECF No. 8. For the reasons set forth below, the court grants in part and denies in part the motion.

## I.  BACKGROUND

This case arises out of a dispute over the handling and disposition of the estate of Steven Bassford (the "decedent"). Sometime before 2018, the decedent opened a joint checking account with his son, defendant, at the SunTrust Bank ("SunTrust") in Hilton Head, South Carolina. On November 7, 2018, the decedent married plaintiff Patricia Bassford ("plaintiff"). In February 2019, the decedent asked defendant to sign a form agreeing to remove defendant as a joint owner of the SunTrust checking account. Defendant executed the form, and the decedent made plaintiff a joint owner of the same account in defendant's stead.

The decedent died on or around February 20, 2021. Prior to his death, the decedent had made plaintiff the sole beneficiary of his estate and investment accounts. Additional lawsuits related to the estate and investment accounts were filed separately and are currently pending before the court. See Raymond James & Assocs., Inc. v.

1

Bassford, No. 9:21-cv-01825-DCN (D.S.C. 2021); Bassford v. Bassford, No. 9:21-cv-02955-DCN (D.S.C. 2021).  Following the decedent's death, defendant allegedly "became angry and resentful at Patricia" when he learned of his father's decision.  ECF No. 1, Compl. ¶ 14.  In late June 2021, about four months after the decedent's death, plaintiff alleges that defendant "falsely communicated to SunTrust Bank that Patricia 'misappropriated funds in the SunTrust Checking account that belonged to Steven Bassford [the decedent].'"  Id. ¶ 15.

Without notifying plaintiff, SunTrust subsequently put a freeze on plaintiff's account, which prevented plaintiff from accessing the funds in the account or from cashing a check.  When plaintiff entered SunTrust to cash a check, bank employees denied her request and informed her about the frozen account.  SunTrust continued to maintain the freeze on Patricia's account, and it ultimately closed the account sometime later.

On July 29, 2021, plaintiff filed the instant lawsuit against defendant in this court, alleging defamation and negligence.  Compl.  On September 15, 2021, defendant filed his motion to dismiss for failure to state a claim.  ECF No. 8.  Plaintiff responded in opposition on September 27, 2021, ECF No. 11, and defendant replied on September 30, 2021, ECF No. 13.  As such, the motion has been fully briefed and is now ripe for review.

## II.  STANDARD

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588

F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

Plaintiff raises two causes of action in her complaint: (1) defamation and (2) negligence. Defendant moves to dismiss both causes of action for failure to state a claim. The court addresses each in turn, finding that plaintiff has plausibly alleged defamation but that her negligence claim is legally deficient.

**A. Defamation**

In resolving the instant motion to dismiss, the court must consider whether plaintiff has sufficiently alleged facts upon which she could sustain a successful defamation action. This analysis requires balancing principles from both South Carolina common law and the United States Constitution. Even if plaintiff has sufficiently alleged the elements of a defamation cause of action under South Carolina law, her claims may still be thwarted by First Amendment protections for certain kinds of speech. The court considers each area of law in turn.

**1. South Carolina Common Law Defamation**

Defamation claims can be brought for either libel or slander. Parrish v. Allison, 656 S.E.2d 382, 388 (S.C. Ct. App. 2007). "Libel is the publication of defamatory material by written or printed words," while slander is "spoken defamation." Id. To bring a successful claim for defamation, a plaintiff must prove: "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement regardless of special harm or the publication of the statement caused special harm." Kunst v. Loree, 817 S.E.2d 295, 302 (S.C. Ct. App. 2018), reh'g denied (Aug. 16, 2018).

Plaintiff alleges that "Defendant falsely communicated to SunTrust Bank that Patricia 'misappropriated funds in the SunTrust checking account that belonged to Steven Bassford.'" Compl. ¶ 15. Defendant responds that plaintiff "failed to plead the required facts to properly state a claim for defamation." ECF No. 8 at 5. The court disagrees, finding that each element of defamation has been sufficiently pled.

4

### a. False and Defamatory Statement

Regarding the first element, "[u]nder common law, a defamatory communication was presumed to be false, but truth could be asserted as an affirmative defense." Parrish v. Allison, 656 S.E.2d 382, 391 (S.C. Ct. App. 2007) (citing Beckham v. Sun News, 344 S.E.2d 603, 604 (S.C. 1986)). If there is a dispute regarding the truth of the defamatory statement, it is a question for the jury to determine. Weir v. Citicorp Nat'l Servs., Inc., 435 S.E.2d 864, 867 (S.C. 1993). Additionally, "[t]he publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Fleming v. Rose, 567 S.E.2d 857, 860 (2002). The court finds that both components are satisfied here. Since an allegedly defamatory communication is presumed false, the court must presume that plaintiff did not misappropriate funds in the decedent's account. In any case, plaintiff alleges in the complaint that defendant's statement was "falsely communicated" to SuntTrust, Compl. ¶ 15, and the court must view the facts in a light most favorable to the plaintiff on a motion to dismiss. Plaintiff also alleges that the statements harmed her reputation and deterred third persons from dealing with her based on the alleged fact that SunTrust froze her checking account as a direct consequence of defendant's statement. Thus, the court finds that plaintiff has sufficiently alleged that defendant made a false and defamatory statement.

### b. Unprivileged Publication to a Third Party

On the second element, defendant argues that plaintiff does not identify the person to whom defendant allegedly made the statement but only alleges that the statement was directed "to SunTrust Bank." ECF No. 8 at 6. Defendant further accuses

plaintiff of failing to identify any particular person by name or description "because she cannot." Id. (emphasis in original). To be sure, though naming the SunTrust employee who received the allegedly defamatory statement would certainly have been preferable, the complaint has alleged sufficient factual matter to survive a motion to dismiss. Plaintiff's allegations that defendant made the statement in late June 2021 and directed it to SunTrust already distinguishes this case from those cited by defendant. In those cases, the courts dismissed the defamation claims because they were not made to any discernible individual, but rather were made to the general public. See Campbell v. Int'l Paper Co., 2013 WL 1874850, at *4 (D.S.C. May 3, 2013) (dismissing defamation claim where statement was simply alleged to have been made "publicly known"); Odom v. CVS Caremark Corp., 2014 WL 7733823, at *4 (D.S.C. Dec. 12, 2014) (same, for alleged statement that was published "to Plaintiff's coworkers, DHEC, and the public at large"); Colleton v. Charleston Water Sys., 225 F. Supp. 3d 362, 369 (D.S.C. 2016) (same, for allegation that the speaker "was heard" when he made the statement); McNeil v. S.C. Dep't of Corr., 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (affirming lower court dismissal of defamation claim where the plaintiff "pled [the defendant] made and published statements that insinuated she was unfit in her business and profession"). Here, the court can reasonably infer from the complaint that plaintiff is alleging that defendant made the statements to a certain SunTrust employee. Defendant further argues that to demonstrate publication to a third party, plaintiff must plead facts that include "'the time, place, content and listener of the alleged defamatory matter.'" ECF No. 8 at 5 (quoting Campbell, 2013 WL 1874850, at *3). However, defendant overlooks that the Campbell court was quoting dicta and did not itself hold that a plaintiff is required to

prove each of those elements in order to plead defamation. <u>Campbell</u>, 2013 WL 1874850, at \*3. The court finds that there is no requirement that plaintiff specify the precise individuals who heard the allegedly defamatory statement in her complaint. <u>See</u> <u>Butler v. Pennington</u>, 2016 WL 7443257, at \*6 (D.S.C. Nov. 28, 2016) (finding the defendant in a counterclaim satisfactorily alleged that the plaintiff made defamatory statements to "the press and to professional colleagues both inside and outside of the Public Defender's office"). Based on the facts asserted in the complaint, defendant is on notice of what statement he is alleged to have made and that it was made to an employee of SunTrust. Thus, plaintiff has alleged publication to a third party for purposes of this motion to dismiss.

### c. Fault

The complaint alleges that the defamatory statement was made by defendant, and therefore, it sufficiently alleges that defendant is at fault for publishing the statement.

### d. Actionability or Special Harm

Under the fourth element, a plaintiff must either prove that she suffered special harm from the allegedly defamatory statement or demonstrate that the statement is otherwise actionable. Defendant argues that plaintiff fails to specify whether the alleged defamation was written or spoken, but the court finds the distinction immaterial for purposes of this motion to dismiss. If the statement was written, it will generally be considered actionable <u>per</u> <u>se</u>. <u>See</u> <u>Holtzscheiter v. Thomson Newspapers, Inc.</u>, 506 S.E.2d 497, 502 (D.S.C. 1998) ("Essentially, all libel is actionable <u>per</u> <u>se</u>."). Even if the statement were spoken, defamation—including slander—is actionable <u>per</u> <u>se</u> when the statements impute the plaintiff with one of the following acts or characteristics: "(1)

7

commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession." Goodwin v. Kennedy, 552 S.E.2d 319, 322–23 (S.C. Ct. App. 2001); see Holtzscheiter, 506 S.E.2d at 502. Plaintiff argues that the statement in question concerns the commission of a crime of moral turpitude, and the court agrees. Misappropriation of funds is fairly characterized as a crime of moral turpitude. C.f. Bell v. Bank of Abbeville, 38 S.E.2d 641, 644 (S.C. 1946) (recognizing slander was actionable per se because the allegedly slanderous communication charged the plaintiff with larceny or breach of trust). If a statement is actionable per se, common law malice and general damages are presumed. Erickson v. Jones St. Publishers, LLC, 629 S.E.2d 653, 664 (S.C. 2006). Regardless of whether defendant's allegedly defamatory statement was libel or slander, as pleaded, it is actionable per se, and the court finds that plaintiff has sufficiently alleged the final factor to state a claim for defamation under South Carolina law. Therefore, the court denies the motion to dismiss on the grounds that plaintiff failed to state a claim for defamation.

### 2. First Amendment Limitations

Although a plaintiff might be able to prove all of the elements of South Carolina common law defamation, her claims may still be circumscribed by the First Amendment protections of free speech. See CACI Premier Tech., Inc. v. Rhodes, 536 F.3d 280, 293 (4th Cir. 2008) (citing Milkovich v. Lorain J. Co., 497 U.S. 1, 20 (1990)) ("The 'application of the state law of defamation' is limited, of course, by the First Amendment to the Constitution of the United States."). The First Amendment imposes limitations, which include (1) a higher standard that attaches to statements about public figures or statements on matters of public concern, and (2) protection for statements that cannot

8

reasonably be interpreted as stating actual facts about an individual.  See id.  Regarding

the first inquiry, here, plaintiff is not alleged to be a public figure.  Furthermore, neither

party argues that the allegedly defamatory statement was on a matter of public concern,

nor does the court find that it was.  See Kirby v. City of Elizabeth City, 388 F.3d 440,

446 (4th Cir. 2004) ("Speech involves a matter of public concern when it involves an

issue of social, political, or other interest to a community.").  Therefore, the additional

protections afforded to speech concerning either a public figure or a local public concern

do not apply.

The court next considers whether defendant's allegedly defamatory statement is

unactionable due to its rhetorical or hyperbolic nature, such that it "cannot 'reasonably

[be] interpreted as stating actual facts about an individual.'"  Snyder v. Phelps, 580 F.3d

206, 218 (4th Cir. 2009) (quoting Milkovich, 497 U.S. at 20).  This safeguard is

necessary to "provide[] assurance that public debate will not suffer for lack of

'imaginative expression' . . . which has traditionally added much to the discourse of our

Nation."  Milkovich, 497 U.S. at 20.  The court finds that defendant's statement, as

alleged in the complaint, that plaintiff "misappropriated funds in the SunTrust Checking

account that belonged to Steven Bassford," Compl. ¶ 15, is not rhetorical hyperbole

because it could "reasonably be understood to convey a false representation of fact," Choi

v. Kyu Chul Lee, 312 F. App'x 551, 553 (4th Cir. 2009).  Any additional context that

could possibly reflect that the statement was a protected opinion is not properly before

the court on this motion to dismiss.

Since the court finds no reason that the allegedly defamatory statement, as pled in the complaint, is protected speech under the First Amendment, the court denies defendant's motion to dismiss plaintiff's defamation cause of action.

## B. Negligence

Defendant argues that plaintiff has failed to plead any facts to support a negligence claim, including the existence of a duty owed by defendant to plaintiff. In response, plaintiff argues that "a reasonable person has a duty to exercise reasonable care to refrain from making defamatory statement about another" and that the harm that would result from "negligently making such defamatory statements" is reasonably foreseeable. ECF No. 13 at 5. In other words, plaintiff alleges the same facts and issues in the form of a negligence claim for her second cause of action.

As defendant notes, this court has previously ruled that a "claim that a statement constitutes libel or slander must be brought in a defamation cause of action, which is grounded in and affected by both common and constitutional law." McGlothlin v. Hennelly, 370 F. Supp. 3d 603, 620 (D.S.C. 2019) (quoting Erickson, 629 S.E.2d at 373–74). As such, this court in that case dismissed the plaintiff's negligence cause of action. Id.; see also Erickson, 629 S.E.2d at 673–74 (affirming dismissal of the plaintiff's claim that the defendant was negligent in making a defamatory statement because it would allow plaintiffs to sneak into the courthouse through the back door when they were unable to plead the strict elements of defamation through the front door). By plaintiff's own admission, plaintiff is alleging that "Defendant was negligent in . . . publishing a defamatory statement regarding the Plaintiff." ECF No. 13 at 4. The court sees no

reason to depart from the court's prior rulings and dismisses plaintiff's negligence cause of action.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 17, 2021**
**Charleston, South Carolina**

11